UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

IN RE:

TIMOTHY D. MAGELITZ,                                    CASE NO.: 07-31105-LMK

  Debtor.                                                              CHAPTER: 7
_____/

### ORDER SUSTAINING TRUSTEE'S OBJECTION TO DEBTOR'S CLAIMED EXEMPTIONS

THIS MATTER was heard February 28, 2008 on the Trustee's Objection to the Debtor's Claimed Exemptions (Doc. 23). The Debtor has claimed the $4,000 "wildcard" personal property exemption in section 222.25(4) of the Florida Statutes, which is provided to debtors who do not claim or receive the benefits of the homestead exemption under Section 4, Article X of the Florida Constitution. The Trustee objects on the ground that the Debtor receives the benefits of the constitutional homestead exemption because he owns a home. The Debtor argues that he receives no benefit from the constitutional homestead exemption because he has not claimed the home as exempt and there is no equity in the home. The issue is whether, by retaining the home and continuing to live in it, the Debtor is receiving the benefits of the constitutional homestead exemption. For the reasons explained herein, I find that the Debtor is receiving the benefits of the constitutional homestead exemption, and therefore the Trustee's objection will be sustained. The Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) and 28 U.S.C. § 1334.

*Facts*

The Debtor filed a voluntary Chapter 7 petition on November 14, 2007. Schedule A shows he owns a home worth $135,000.00 that is encumbered by secured claims in the amount of $149,079.00. The parties agree that there is no equity in the property. The Debtor did not claim the home as ex-

1

empt in Schedule C, instead electing to claim an exemption in $4,000 worth of personal property pursuant to Fla. Stat. § 222.25(4). The Debtor did not indicate whether the home will be surrendered, reaffirmed, or redeemed in his Statement of Intention; rather, the Debtor, who is divorced, stated that he will retain the home and continue to make the regular payments on it.

*Discussion*

Florida Statute § 222.25(4) (2007) was enacted to provide debtors who do not directly or indirectly take advantage of the constitutional homestead exemption with an additional $4,000 personal property exemption. Section 222.25(4) provides that a debtor may exempt up to $4,000 in personal property "if the debtor does not claim or receive the benefits of a homestead exemption under s. 4, Art. X of the State Constitution." Since the Debtor in this case has not claimed the homestead as exempt, the question is whether he receives the benefits of the constitutional homestead exemption.

The cases that have construed Fla. Stat. § 222.25(4) have provided cogent analyses of the language of the statute which need not be repeated here. In *In re Gatto*, 380 B.R. 88 (Bankr. M.D. Fla. 2007), the court held that the fact the debtors did not claim their homes as exempt combined with the surrender of their homes meant that they did not receive the benefits of the constitutional homestead exemption, and therefore the debtors were entitled to claim the $4,000 wildcard personal property exemption under Fla. Stat. § 222.25(4). *Gatto*, 380 B.R. at 90-91. The *Gatto* court explained that, in order to be excluded from the enhanced personal property exemption, the language of the statute requires that the debtor presently receive benefits that derive from the constitutional exemption of the home from the reach of creditors. *Id.* at 91-93  The drafters of the statute intended to prevent debtors who do not affirmatively claim the constitutional homestead exemption from indirectly receiving its benefit while also receiving the additional $4,000 exemption in personal property. *Id.*

2

In *In re Morales*, 381 B.R. 917 (Bankr. S.D. Fla. 2008), the debtor was ambiguous about his intention with respect to his home; while he indicated that he would surrender the property to one mortgage holder, he also indicated that he intended to reaffirm the debt owed to the other. *Morales*, 381 B.R. at 920. These incompatible selections by the debtor prevented the *Morales* court from being able to find a clear and unambiguous intent to abandon the home. Because under "longstanding" Florida law property loses homestead status when it is abandoned, *see id.* at 920-21 (citing *In re Beebe*, 224 B.R. 817, 820 (Bankr. N.D. Fla. 1998)); *Olesky v. Nicholas*, 82 So.2d 510, 512 (Fla. 1955), the lack of a clear intent to abandon meant that the debtor could not claim the extra personal property exemptions. *See Morales*, 381 B.R. at 921. Agreeing with *Gatto*, the *Morales* court held that a debtor may claim the $4,000 wildcard personal property exemption when the debtor (1) does not claim a homestead as exempt and (2) properly and timely files a statement of intention showing a clear and unambiguous intent to surrender the property. *Morales*, 381 B.R. at 921, 923. Since the debtor had not properly and timely shown a clear and unambiguous intent to abandon the homestead, the trustee's objection to the debtor's claim of the personal property exemption under Fla. Stat. § 222.25(4) was sustained. The fact that the debtor did not abandon the homestead was crucial to the decision in *Morales*. *Id.* at 920-21.

*In re Shoopman*, 2008 WL 817109 (Bankr. S.D. Fla. 2008) disagreed with *Morales*. In *Shoopman*, the debtor initially indicated his intention to reaffirm two mortgages on his home but then amended his Statement of Intention to indicate that he would surrender the property. Overruling the trustee's objection to the debtor's claim of the personal property exemption in Fla. Stat. § 222.25(4), the *Shoopman* court rejected the arguments that a debtor receives the benefits of the constitutional homestead exemption by continuing to occupy the home and that a debtor does not stop receiving the benefits of the homestead exemption until the home is abandoned. *Shoopman*, 2008 WL 817109 at *2. The court explained that the benefits that the debtor receives must be derived from the constitu-

3

tion, not merely incidental to home ownership, and that the administration of an estate asset should not be confused with the with the benefits of the constitutional homestead exemption; since the home had not been declared as exempt, it was subject to administration by the trustee. *Id.* The *Shoopman* court noted that a debtor's stated intention to reaffirm or surrender the home is not determinative of whether the debtor is receiving the benefits of the constitutional homestead exemption. *Id.* at *3.

In *In re Franzese*, 383 B.R. 197 (Bankr. M.D. Fla. 2008), the debtor claimed his home as exempt as tenancy by the entireties property rather than under § 4, Art. X of the constitution. Reasoning that all natural persons who qualify for the constitutional homestead exemption receive its benefits, the *Franzese* court held that "[i]f, on the day a bankruptcy petition is filed, a debtor owns a home, lives in the home, and plans to reside in the home in the future, the debtor cannot claim the Statutory Personal Property Exemption." *Franzese*, 383 B.R. at 204-06.

*In re Hernandez*, 2008 WL 1711529 (Bankr. S.D. Fla. 2008) disagreed with *Franzese*, though it reached the same result. The *Hernandez* court rejected the notion that mere eligibility for homestead protection should preclude a debtor from claiming the personal property exemption in Fla. Stat. § 222.25(4). *Hernandez*, 2008 WL 1711528 at *3. Emphasizing that the benefits of the homestead exemption relate to shielding the home from execution efforts by creditors, the *Hernandez* court noted that the time to determine whether the debtor receives the benefit of the constitutional homestead exemption is the petition date, the focus being solely on the exemptions which will affect creditors in the bankruptcy case. *Id.* at *4-5 Thus, the court rejected the argument that the debtor receives the benefit of the constitutional homestead exemption when he or she will retain the entitlement to assert the exemption post-bankruptcy. *Id.* Nonetheless, the *Hernandez* court held that a debtor who owns a homestead as tenants by the entireties with his non-debtor spouse receives the benefits of the constitutional homestead exemption because of the spouse's ability to assert the constitutional exemption. *Id.*

I agree with the reasoning in *Gatto, Morales,* and *Franzese*. In this case, the Debtor has not claimed the homestead as exempt or reaffirmed the debt on it. However, the Debtor intends to retain the home, reside in it, and continue to make the monthly mortgage payments. In such a situation the Debtor is receiving the benefits of the constitutional homestead exemption.

The Florida Constitution imposes homestead status upon certain property when the constitutional requirements are met. *See Venn v. Reinhard (In re Reinhard)*, 377 B.R. 315, 318-19 (Bankr. N.D. Fla. 2007). The homestead exemption provision is self-executing in this regard, and the debtor is not required to take any affirmative action to claim the exemption in order for it to apply. *Hutchinson Shoe Co. v. Turner,* 100 Fla. 1120, 130 So. 623 (Fla. 1930) (stating that land is impressed with homestead status when the debtor acquires title to it and makes it his home; "no action of the Legislature or declaration or other act on [the debtor's] part was required to make it his homestead, for it was already such in fact"); *see Grant v. Credithrift of America, Inc.*, 402 So. 2d 486, 488 (1st DCA 1981) (concluding that a debtor's failure to file a pre-levy designation of homestead under Fla. Stat. § 222.01 does not preclude the debtor from asserting the constitutional homestead exemption). Once acquired, homestead status is retained until the property is abandoned or properly alienated. *Olesky v. Nicholas*, 82 So.2d 510, 512 (Fla. 1955) (stating that "[a]dmittedly where a homestead has been acquired it can be waived only by abandonment or by alienation in the manner provided by law"). Since the Debtor in this case owns the home, lives in it, and intends to continue to reside there, the property has homestead status under Florida law and therefore receives constitutional protection from creditors regardless of the Debtor's failure to claim the homestead exemption on Schedule C.

Furthermore, the effect of making an election in bankruptcy to exempt a particular asset on Schedule C only goes to whether that asset is property of the estate for purposes of administration. *See* 11 U.S.C. § 522(b)(1). The trustee typically abandons assets with no equity because they are not beneficial to the estate, in which case the asset is not administered and the debtor can retain possession.

5

However, neither the debtor's failure to claim the home as exempt nor the trustee's decision to abandon it alters the property's homestead status under state law. Since the Debtor is and will continue to be in possession of property that has the status of homestead under Florida law, it follows that the Debtor receives the benefits of the homestead exemption under § 4, Art. X of the Florida Constitution.

The reality of the situation compels this conclusion. Before the Debtor filed his bankruptcy petition, creditors were prevented from executing or obtaining judgment liens against his homestead by Art. X, § 4, Fla. Const. Now that the petition has been filed, the creditors are stayed from taking such action by 11 U.S.C. § 362, and since a debtor's exemptions in bankruptcy are determined as of the date of the filing of the petition, 11 U.S.C. § 522(b)(3)(A); *In re Peterson*, 897 F.2d 935, 937 (8th Cir. 1990), a debtor who owns property that has the status of homestead on the petition date is entitled to assert the constitutional homestead exemption in the bankruptcy case. Then, after the debtor is discharged, in spite of the fact that the homestead was not claimed as exempt on Schedule C, post-petition creditors would be not be able to pursue the homestead because of the protection afforded by the self-executing constitutional homestead exemption provision. Thus, by retaining the home, the debtor effectively receives the benefits of the homestead exemption. If the Debtor retains possession of the homestead while also claiming the additional wildcard personal property exemption, he would be able to shield the home from creditors under Art. X, § 4, Fla. Const. and protect additional personal property under Fla. Stat. § 222.25(4) at the same time. The Florida Legislature did not intend this result—a debtor cannot keep a home and also receive the enhanced personal property exemption under Fla. Stat. § 222.25(4).

It has been argued that the Debtor is not receiving the benefits of the constitutional homestead exemption because the property has no equity; that no creditors are being prevented from executing against the homestead, it is just that such execution efforts would be futile since the property has no

value over what is owed on the mortgage. This argument misses the mark, however, because creditors are still prevented from seeking the attachment of judgment liens against the property in anticipation of the day the debtor is able to accumulate some equity in the property. *See* Art. X, § 4, Fla. Const. (stating that the homestead is "exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon . . ."). Since creditors are prevented from obtaining judgment liens against his homestead, the Debtor does receive the benefits of Florida's constitutional homestead exemption.

Accordingly, I conclude that in order for a debtor who has an interest in a homestead to claim the $4,000 personal property exemption under Fla. Stat. 222.25(4), the debtor must (1) not claim the property as exempt, and (2) timely and properly show a clear and unambiguous intent to abandon the property. *Morales*, 381 B.R. at 921, 923; *see Gatto*, 380 B.R. at 90, 95; *Franzese*, 383 B.R. at 204-05 . Since the Debtor in this case has not shown a clear and unambiguous intent to abandon the homestead property, he is not entitled to the $4,000 personal property exemption under Fla. Stat. 222.25(4). It is therefore

ORDERED and ADJUDGED that the Trustee's Objections to the Debtor's Claimed Exemptions (Doc. 23) is SUSTAINED.

DONE and ORDERED in Tallahassee, Florida this 28th day of April, 2008.

_____
LEWIS M. KILLIAN, JR.
United States Bankruptcy Judge

cc: all parties in interest